# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEBRASKA

| | |
|---|---|
| CHERRILL EMILY FAYYAD, | ) |
|  | ) Civil No.: |
| Plaintiff | ) |
|  | ) |
| vs. | ) **COMPLAINT FOR A CIVIL CASE** |
|  | ) **ALLEGING NEGLIGENCE** |
|  | ) **(28 U.S.C. § 1332; Diversity of** |
| VAN EERDEN TRUCKING COMPANY, | ) **Citizenship)** |
| INC., a Michigan Domestic Profit | ) |
| Corporation; FELIPE GONCALVES | ) |
| LEMOS, an individual, DOE Defendants 1 – | ) **Demand for Jury Trial** |
| 10 and BUSINESS ENTITIES A through Z, | ) |
| inclusive, | ) |
|  | ) |
| Defendants. | ) |

Plaintiff CHERRILL EMILY FAYYAD, by and through her undersigned counsel of record, Susan M. Leeder, Esq., of LEEDER LAW, P.C., alleges as follows:

## I. PARTIES

1. Plaintiff CHERRILL EMILY FAYYAD is and was, at all times relevant hereto, a resident of the State of California.

2. Plaintiff is informed and based upon such information believes and alleges that at all times material hereto, Defendant VAN EERDEN TRUCKING COMPANY, INC., was and is a Michigan Domestic Profit Corporation.

-1-

3.      Plaintiff is informed and based upon such information believes and alleges that at all times material hereto, Defendant FELIPE GONCALVES LEMOS was and is an individual and resident of Michigan.

4.      At all times material hereto, each Defendant, as the agent, trustee, co-trustee, beneficiary, successor trustee, employee, co-venturer or partner of each and every other Defendant, was acting in a representative capacity within the purpose and scope of said agency, employment, joint venture, or partnership; that the acts and conduct alleged herein of each Defendant was known to, authorized, and ratified by each and every other Defendant.

5.      The true names, capacities, or involvement, whether individual, corporate, governmental, or associate, of the defendants named herein as DOES 1 through 10 and BUSINESS ENTITIES A through Z are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff prays leave to amend this Complaint to show their true names and capacities when the same have been finally determined.

6.      Plaintiff is informed and believes, and upon such information and belief alleges that each of the defendants named herein as DOES 1 through 10 and BUSINESS ENTITIES A through Z were negligently or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently or otherwise caused injury and damages proximately thereby to Plaintiff, as is hereinafter alleged.

7.      Each of said Defendants is the agent of the other and at all times pertinent hereto was acting within the scope of said agency. Each of said Defendants are joint venturers with one or more of the other Defendants and was acting in furtherance of the joint venture.

8. Based upon the liability of the named Defendants, and for ease of reference, Plaintiff hereinafter refers to all named Defendants jointly as "Defendants" unless otherwise noted.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter under 28 U.S.C § 1332 by which Federal Courts may hear cases in which a citizen of one State sues a citizen of another State and the amount at stake is over $75,000 due to diversity of citizenship.

10. Plaintiff CHERRILL EMILY FAYYAD, at the time of the cause of action described herein, was and is now an individual and a citizen of the State of California.

11. Defendant VAN EERDEN TRUCKING COMPANY, INC., at the time of the cause of action described herein, was and is now incorporated under the laws of the State of Michigan and has its principal place of business in the State of Michigan.

12. Defendant FELIPE GONCALVES LEMOS at the time of the cause of action described herein, was and is now an individual and a citizen of the State of Michigan.

13. The amount in controversy is more than $75,000, not counting interest and cost of court, because Defendant FELIPE GONCALVES LEMOS was driving a Tractor Trailer in Deuel County Nebraska, owned by DEFENDNT VANEERDEN TRUCKING COMPANY, INC. when he collided with Plaintiff CHERRILL EMILY FAYYAD's vehicle resulting in damages of over $75,000 due to significant property damage and personal injury to Plaintiff.

14. Therefore, jurisdiction of this Court is proper due to the diversity of citizenship between Plaintiff and all Defendants and the amount in controversy. Venue is also proper due to the situs of the incident in controversy in Nebraska.

### III. STATEMENT OF CLAIM FOR NEGLIGENCE

15. On October 8, 2020, at approximately 5:00 p.m., CHERRILL EMILY FAYYAD ("Plaintiff") was traveling eastbound on Interstate Highway I-80, around mile marker 104, in Deuel County, Nebraska in her 2011 Nissan Juke.

16. Defendant FELIPE GONCALVES LEMOS ("Defendant LEMOS") was also traveling east on Interstate Highway I-80, around mile marker 104, in Deuel County.

17. Defendant LEMOS was driving a 2020 Kewt Tractor Trailer, owned by Defendant VAN EERDEN TRUCKING COMPANY, INC. ("Defendant VAN EERDEN").

18. Defendant LEMOS, was acting as the agent, employee, independent contractor, co-venturer or partner of Defendant VAN EERDEN.

19. Defendant LEMOS was acting in a representative capacity within the purpose and scope of said agency, employment, joint venture, or partnership; that his acts and conduct alleged herein were authorized and ratified by Defendant VAN EERDEN.

20. The area of the freeway around mile marker 104 was a construction zone where the two eastbound lanes merge together.

21. Plaintiff was driving in the right eastbound lane.

22. Defendant LEMOS was driving in the left eastbound lane when his passenger side front steer tire struck the rear driver's side of Plaintiff's vehicle.

23. The collision Defendant LEMOS' vehicle into Plaintiff's vehicle caused Plaintiff's vehicle to spin and hit the back driver side of Defendant LEMOS' trailer, and then spin again before coming to rest on the shoulder.

24. Defendant LEMOS' collision with Plaintiff resulted in significant property damage and personal injury to Plaintiff.

25. Plaintiff was injured and was taken by ambulance to Sedgwick County Hospital in Julesburg, Colorado.

26. Due to her injuries, Plaintiff was unable to provide a statement at the scene.

27. Defendant LEMOS provided a false statement to the police claiming that Plaintiff made the first impact on the passenger side of his vehicle, when in truth his vehicle made the first impact.

28. This false report is contained in the Accident report, however, photos of Plaintiff's vehicle contradict his statement because they show significant damage to the rear of Plaintiff's vehicle, indicating that she was struck from behind.

29. Defendant LEMOS, a commercial truck driver, was operating as an agent of Defendant VAN EERDEN and had a duty and obligation to pay attention to the construction road conditions in front of him while driving a vehicle on public roads.

30. Defendant LEMOS, operating as an agent of Defendant VAN EERDEN breached that duty when he failed to yield to the Plaintiff's vehicle to the front right side of him.

31. There is therefore a causal connection between Defendant LEMOS' negligence in operating as an agent of Defendant VAN EERDEN as a commercial truck driver and Plaintiff's injuries.

32. Plaintiff suffered damages to be proven at trial due to Defendants' negligence, including, but not limited to medical expenses, pain and suffering, and loss of work.

33. Plaintiff demands judgment against Defendants for money damages in such amount over $75,000, as are fair and reasonable for property damage and her personal injuries due to their negligence, plus costs, and such further relief as the court deems just and proper.

## IV. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF pray as follows with regard the above cause of action asserted by the PLAINTIFF:

1. For general, specific, and exemplary damages according to proof at time of trial;

2. For cost of suit herein; and

3. For such other and further relief as the court deems just.

## V. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case

Dated: September 18, 2024

                                              s/ Susan M. Leeder_____
California Bar No. 269277
Attorney for Plaintiff
LEEDER LAW, P.C.
10775 Double R Blvd.
Reno, Nevada 89521
(775) 722-9793 Office
(775) 682-4301 Facsimile
susan@leederlaw.org

**DEMAND FOR JURY TRIAL**

    Plaintiff CHERRILL EMILY FAYYAD, by and through her undersigned counsel of record, Susan M. Leeder, Esq., of LEEDER LAW, P.C., demands that the above matter be heard as a jury trial.

Dated: September 18, 2024

                                                 s/ Susan M. Leeder
                                                 California Bar No. 269277
                                                 Attorney for Plaintiff
                                                 LEEDER LAW, P.C.
                                                 10775 Double R Blvd.
                                                 Reno, Nevada 89521
                                                 (775) 722-9793 Office
                                                 (775) 682-4301 Facsimile
                                                 susan@leederlaw.org